IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ELBERT LEE WILLIAMS,** : | |
| : | |
| **Plaintiff,** : | |
| : | NO. 7:11-CV-87-HL-TQL |
| VS. : | |
| : | |
| **SHERIFF CARLTON POWELL** : | |
| and **BRADLEY Medical Nurse,** : | |
| : | |
| **Defendants.** : | |

# ORDER

Plaintiff **ELBERT LEE WILLIAMS**, a prisoner at Rutledge State Prison in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis* ("IFP"). After an initial review of Plaintiff's Complaint, the Court found that it suffered from multiple deficiencies and thus ordered Plaintiff to supplement his Complaint by describing the specific actions taken by each of the defendants or the duties they failed to perform that allegedly violated his constitutional rights. Plaintiff has now filed his response to the Court's Order [Doc. 9].

Because Plaintiff seeks to proceed IFP, this Court is required to screen his Complaint and Supplement pursuant to 28 U.S.C. § 1915A. Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale

v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide the necessary factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).  See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

In this case, the Complaint alleges that Plaintiff was denied needed mental health medication while imprisoned in the Thomas County Jail.  This apparently caused Plaintiff to suffer a "black out" and "withdraw[als]" and caused him to "not to be active" and "be unstable."  Plaintiff claims that, because of the lack of medication, he "stopped daily activities" such as "watching T.V.," "playing ball outside," and "playing card games" and that he got "in trouble at the jail."

In his Complaint, Plaintiff names two Defendants: Sheriff Carlton Powell and "Ms. Bradley Medical Nurse."  In his Supplement, Plaintiff alleges that Sheriff Powell is responsible for this alleged denial because "[h]e is the top supervisor over this facilities so he knows and have knowledge of everything go on inside."  He further alleges that Nurse Bradley failed to provide him with the required medication even though the "facilities know about the mental health problems" because "the judge made some of my conditions basic on my mental health medication." Apparently, someone in the "mental health center" even called Nurse Bradley and asked why Plaintiff had not been coming to receive his medication, and Nurse Bradley "told them to call the jail to ask them why when she should know because she is the medical nurse at the jail."  According to Plaintiff, he was denied medication to "save money for the jail."

After reading these allegations, it is apparent that Plaintiff is attempting to bring an Eighth

Amendment claim against each Defendant for denial of medical care. Plaintiff's allegations, however, fail to state any cognizable claim against either Defendant.

Plaintiff named Sheriff Powell as a defendant in this action solely because of his supervisory responsibilities over the jail facility. It is well settled that supervisory officials are not liable under Section 1983 for the unconstitutional acts of their subordinates merely because of their position or supervisory responsibilities. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). To state a viable claim against a supervisory official, a plaintiff must allege that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. See id. Plaintiff failed to sufficiently link Sheriff Powell to the constitutional violation alleged here and has thus failed to state an Eight Amendment claim against him.

Plaintiff's allegations against Nurse Bradley are similarly deficient. In his Supplement, Plaintiff alleges that Nurse Bradley knew she was to provide Plaintiff with mental health medication because it was a condition of his sentence and she was the nurse at the jail. To state a claim for denial of medical care, however, a plaintiff must allege acts or omissions amounting to deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, to survive a frivolity review, a plaintiff must allege (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended, and (2) that the defendant had subjective knowledge of a risk of serious harm to the plaintiff but disregarded that risk. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005). Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Rather, medical treatment violates the Eighth Amendment only when it is so grossly incompetent,

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

Nothing in Plaintiff's Complaint suggests that Nurse Bradley had subjective knowledge of a risk of serious harm to Plaintiff and disregarded that risk.  He merely assumes that Nurse Bradley was aware he needed mental health medication because of her position at the jail and the condition imposed by his sentencing judge.  Even if Nurse Bradley was aware that Plaintiff needed mental health medication, Plaintiff has failed to allege any facts suggesting that the medication was required to treat an "objectively serious medical need."  Plaintiff alleges only that, without the medication, he "stopped daily activities" such as "watching T.V.," "playing ball outside," and "playing card games" and that he got "in trouble at the jail."  Such effects do not pose a substantial risk of serious harm to Plaintiff if unattended.  He has, therefore, also failed to state a claim for inadequate medical care against Nurse Bradley.

For these reasons, the Court finds that Plaintiff fails to state any claim upon which relief may be granted, and his Complaint is thus due to be **DISMISSED** under 28 U.S.C. § 1915A(b)(1). Plaintiff's pending  "Motion to Remove Clerk" [Doc. 10], Motion to Appoint Counsel [Doc. 11], and Motion to Produce Medical Records [Doc. 12] are now **MOOT** and are also **DISMISSED** as such.  The Clerk is **DIRECTED**, however, to return the original copy of the sentencing "conditions" attached to Plaintiff's Supplement [Doc 9-1] as he has requested.

**SO ORDERED**, this 18th day of August 2011.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr